UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN A. SMITH,

                Plaintiff,

-against-

WESTHAB TRAVERSE HOUSE, et al.,

                Defendants.

24-CV-4961 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

    Plaintiff, proceeding *pro se*, brings this action alleging that Defendants violated his rights by wrongfully arresting him and refusing to return his belongings. By Order dated July 2, 2024, ECF No. 3, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. By Order dated January 2, 2025, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading, and thereafter granted him an extension of time to do so. (ECF Nos. 4, 6.) Plaintiff filed an amended complaint on March 5, 2025. (ECF No. 7.) The Court dismisses this action for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to

interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original).  But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678-79.  After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief.  *Id.*

## BACKGROUND

The following facts are drawn from the amended complaint.[1]  Plaintiff alleges that on March 28, 2024, while he was staying at Westhab Travers House (named in the amended complaint as "Westhab Traverse House," hereinafter "Westhab"), resident Donnell O'Niell called the Yonkers Police Department ("YPD") "and gave them false statements."  (ECF No. 7 at 1.)  Police officers from YPD arrived and "immediately arrested" Plaintiff, without asking him

---

[1] The Court quotes from the amended complaint verbatim.  All spelling, grammar, and punctuation appear as in the amended complaint, unless noted otherwise.

any questions. (*Id.*) Plaintiff was detained for 47 days. (*Id.*) On June 16, 2024, Judge Inlaw dismissed, on unspecified grounds, the criminal charges that had been brought against Plaintiff. (*Id.*)

During Plaintiff's detention, Plaintiff's family contacted Westhab to retrieve his belongings, and spoke to case manager Naomi Williams. (*Id.*) Williams refused to release Plaintiff's possessions. (*Id.*) Plaintiff has not recovered these belongings. (*Id.*) He seeks $100,000 in damages. (*Id.*)

Plaintiff's amended complaint uses an abbreviated caption that refers only to "Westhab Traverse House et al," without specifying which other defendants, if any, he intends to name in the amended complaint. The Court assumes that Plaintiff continues to assert his claims against the same defendants named in his original complaint: Westhab, Donnell O'Niell, Naomi Williams, and YPD. (ECF No. 1.)

## DISCUSSION

**A.    False arrest claim against the Yonkers Police Department**

As explained in Chief Judge Swain's January 2, 2025 Order to Amend, municipal agencies or departments such as YPD cannot be sued. (ECF No. 4 at 2-3); *see also Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*." (emphasis in original)); City of Yonkers, NY Charter, Art. XII, §§ C12-1 to C12-11) (Police Department); *Green v. City of Yonkers*, N.Y., No. 10-CV-3653, 2012 WL 554453, at *6 (S.D.N.Y. Feb. 21, 2012) (Keenan, J.) (holding that the Yonkers Police Department "does not exist separate and apart from the municipality and does not have its own legal identity" (citations omitted)). Plaintiff's claims against YPD must therefore be dismissed because YPD lacks the capacity to be sued. However, claims against YPD may be asserted against the City of Yonkers.

3

To state a Section 1983 claim against a municipality, such as the City of Yonkers, a plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012). Plaintiff has not alleged any facts in the amended complaint that give rise to an inference that a policy, custom, or practice of YPD caused a violation of his rights. The amended complaint therefore fails to state a Section 1983 claim against the City of Yonkers.

Furthermore, even if the Court were to construe Plaintiff's amended complaint as asserting claims against an unknown "John Doe" arresting officer or officers, the allegations fail to state a claim on which relief can be granted. State law provides the starting point for the elements of a claim for false arrest under Section 1983. *See Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 378 (2017) (Alito, J., dissenting) ("[T]o flesh out the elements of this constitutional tort, we must look for 'tort analogies.'"); *Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018) (holding that common law principles are meant simply to guide rather than to control the definition of Section 1983 claims and courts should not "mechanically apply" the law of New York State), *abrogated on other grounds by Thompson v. Clark*, 596 U.S. 36 (2022). To establish a false arrest claim under New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012) (emphasis and citations omitted). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes

justification and is a complete defense to an action for false arrest.") (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)) (internal quotation marks omitted).

Where a Section 1983 plaintiff alleges that he was subjected to a warrantless arrest, it is the defendants' burden to prove probable cause as an affirmative defense to the plaintiff's false arrest claim. *Dickerson v. Napolitano*, 604 F.3d 732, 751 (2d Cir. 2010). A plaintiff's complaint is not required to plead facts negating an affirmative defense. *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). A false arrest claim can be dismissed based on probable cause, however, if the facts alleged in the plaintiff's complaint show that the officers had probable cause. *See Silver v. Kuehbeck*, 217 F. App'x 18, 22 (2d Cir. 2007) (summary order).

Officers have probable cause to arrest when they have "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed . . . a crime." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006). Probable cause is measured based on "those facts available to the officer at the time of arrest and immediately before it." *Joseph v. Deluna*, No. 15-CV-5602, 2018 WL 1474398, at *3 (S.D.N.Y. Mar. 23, 2018) (Wood, J.) (quoting *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006)).

"[P]robable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994); *see also Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (holding that a police officer is "not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest" (citation omitted)). When information is received from a putative victim or an eyewitness, probable cause exists, unless the

5

circumstances raise doubt as to the person's veracity. *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995).

Here, Plaintiff alleges that he was arrested based on the putative victim's report to police officers. Plaintiff contends that Donnell O'Niell's statements to police officers about him were "false" (ECF No. 7 at 1), but he does not allege any facts suggesting that information available to officers at the time of the arrest should have raised doubts about the veracity of O'Niell's report. Plaintiff contends that officers did not fully investigate or ask him any questions before arresting him, but allegations that officers failed to investigate Plaintiff's version of events are generally insufficient to demonstrate that officers acted unreasonably. *See, e.g.*, *Curley*, 268 F.3d at 70 ("Although a better procedure may have been for the officers to investigate plaintiff's version of events more completely, the arresting officer does not have to prove plaintiff's version wrong before arresting him."). The facts alleged in the amended complaint do not state a claim that arresting officers violated Plaintiff's constitutional rights by arresting him based on a report they had received of a crime. Plaintiff has not named the arresting officer or officers as defendants in the amended complaint, and it would be futile to grant Plaintiff a further opportunity to amend his complaint to do so.

B.      **Claims against private parties**

Westhab and its employee, Naomi Williams, are private parties. A plaintiff cannot bring a Section 1983 claim against private parties without pleading facts showing that their challenged actions are attributable to the state. *See, e.g.*, *West v. Atkins*, 487 U.S. 42, 48-49 (1988) (holding that a Section 1983 plaintiff must allege that a "state actor" violated a right secured by the U.S. Constitution or federal statute); *see also Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (detailing the test for analyzing whether a private party's challenged actions are "fairly attributable" to the state).

To determine whether a private entity acted under color of state law, courts first "identify[] the specific conduct of which the plaintiff complains, rather than the general characteristics of the entity." *Id.* (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)) (internal quotations omitted). Here, Plaintiff alleges that he resided at Westhab and stored his belongings there. (ECF No. 7 at 1.) Westhab's employee, Williams, allegedly refused to release Plaintiff's belongings to his family members during his detention. (*Id.*)

District courts have routinely concluded that providing shelter does not render a private entity a state actor. *See*, *e.g.*, *Ortega v. Samaritan Vill. Myrtle Ave. Men's Shelter*, No. 18-CV-5995, 2020 WL 1043305, *4 (E.D.N.Y. Mar. 4, 2020) (Matsumoto, J.) ("[T]he provision of homeless services by a private organization, even under contract with the state or where subject to governmental regulation, does not turn the private organization or its employees into state actors." (citation omitted) (alteration in original)); *Reaves v. Dep't of Veterans Affs.*, No. 08-CV-1624, 2009 WL 35074, at *3 (E.D.N.Y. Jan. 14. 2009) (Dearie, J.) ("The Salvation Army is a private organization, and its staff members are not 'state actors.' . . . . [The plaintiff] cannot show that the shelter or the organization are performing a public function sufficient to turn the shelter or its employees into state actors for purposes of § 1983 liability."). Plaintiff fails to allege that Westhab and Williams were engaged in state action. Plaintiff therefore fails to state a claim under Section 1983 against Defendants Westhab and Williams.

**C.    State law claims**

Any claims that Plaintiff may have against Westhab and Williams for the loss of his property therefore arise, if at all, under state law. In addition, Plaintiff may also be asserting state law claims against O'Niell, who is also a private party, for allegedly making a false police report.

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted); *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025) (holding that once the district court has dismissed all claims over which it has original jurisdiction, "although supplemental jurisdiction persists, the district court need not exercise it: Instead, the court may (and indeed, ordinarily should) kick the case to state court.")

Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))). Nothing in this Order prevents Plaintiff from pursuing his state law claims in a state court of general jurisdiction.

D.   **Leave to Amend Is Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend, but failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff cannot cure the defects in his amended complaint with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   June 4, 2025
         New York, New York

                                                    /s/ Kimba M. Wood
                                                    KIMBA M. WOOD
                                                    United States District Judge